# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARK ROSSETTI, MATTHEW ROSSETTI, and JESSICA ROSETTI, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 07 C 4907 ) ) Wayne R. Andersen |
| SHAWN WASCHER, BRIAN MATICHAK, PATRICK BLATTI, JASON BLATTI, and CITY OF JOLIET, an Illinois Municipal Corporation, LINDSEY HEAVENER, LESLIE O'CONNOR, and GORDON CORP., | ) District Judge ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM, OPINION AND ORDER

This case is before the court on defendants Shawn Wascher, Brian Matichak, Patrick Blatti, Lindsey Heavener, Leslie O'Connor, Gordon Corp and City of Joliet's motion to dismiss plaintiff's third amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motion [93] is granted in part and denied in part.

## BACKGROUND

Plaintiffs Mark Rossetti, Matthew Rossetti and Jessica Rossetti filed a complaint against defendants Shawn Wascher, Brian Matichak, Patrick Blatti and City of Joliet on August 30, 2007. Plaintiffs subsequently filed a second amended complaint on July 23, 2008 and then a third amended complaint on August 15, 2008 in which defendants Lindsey Heavener, Leslie O'Connor and Gordon Corp were added. The allegations in this seven-count complaint stem from plaintiff Matthew Rossetti's arrest on December 21, 2005 and subsequent trial on December 18, 2006.

Plaintiffs allege that on December 21, 2005 Matthew went shopping with his friend, Gina Vidano. After Vidano dropped Matthew off at his house, he called her and asked that she return with his coat and a gift for his mother that he had left in her car. After that phone call, plaintiffs allege defendant Jason Blatti repeatedly called Matthew with threats and claimed that he was "with Gina Vidano now." According to plaintiffs, Jason Blatti also claimed he would get away with these acts because his father was a police officer for the City of Joliet. Plaintiffs also allege that 19-year-old Jason Blatti was intoxicated.

Around 11:30 p.m., both Jason Blatti and Vidano arrived at the Rossetti's home. Plaintiffs allege that when Matthew Rossetti tried to retrieve his coat and present from Vidano's car, Jason Blatti grabbed Matthew Rossetti and struck him with his hands and fists, causing injury. Plaintiffs claim that Matthew Rossetti attempted to defend himself, but was pulled out of the vehicle by his father, plaintiff Mark Rossetti, and possibly also his friend, Ryan Phillip. Plaintiffs further claim that Vidano drove away, nearly pulling plaintiffs Matthew and Mark Rossetti with her vehicle.

Plaintiffs then allege that defendant Jason Blatti returned later with a group of friends, who made threats and again stated that Jason's father was a police officer. Plaintiff Mark Rossetti told defendant Jason Blatti that he was going to call the police and Jason Blatti fled the scene. Plaintiffs called 911 and Jason Blatti called his father, defendant Patrick Blatti. Plaintiffs claim that defendant Patrick Blatti contacted other City of Joliet police officers and told them to divert criminal responsibility from Jason Blatti and direct it towards plaintiffs.

Plaintiffs further allege that defendants Wascher, Heavener and Corp, who responded to defendant Patrick Blatti's call, and defendants Matichak and O'Connor, who responded to plaintiffs' 911 call, conducted a sham investigation. Plaintiffs claim that conflicting statements

were made by Jason Blatti and possibly Patrick Blatti, and plaintiffs' statements were disregarded and defendant police officers arrested Matthew Rossetti without probable cause. Plaintiffs also allege that defendants Wascher, Matichak, Heavener, O'Connor and Corp intentionally concealed the events. Plaintiff Matthew Rossetti's trial for battery proceeded on December 18, 2006, and the Circuit Court of Sangamon County entered a directed finding of not guilty.

Based on these events, plaintiffs assert several claims against defendants. The first six counts assert claims against defendants Jason Blatti, Patrick Blatti, Shawn Wascher, Brian Matichak, Lesley O'Connor, Lindsey Heavener and Gordon Corp. Count I alleges that defendants violated plaintiffs' rights under the First Amendment in violation of 42 U.S.C. § 1983. In Count II, plaintiffs allege that defendants violated or conspired to violate plaintiffs' rights under the Fourth Amendment in violation of 42 U.S.C. § 1983. Count III alleges that defendants violated or conspired to violate plaintiff's rights under the Fourteenth Amendment's equal protection clause in violation of 42 U.S.C. § 1983. In Count IV, plaintiffs allege a state law claim for malicious prosecution and conspiracy. Count V alleges under 42 U.S.C. § 1983 that defendants violated or conspired to violate plaintiff's Fourteenth Amendment right to due process. Count VI alleges that defendants' conducted or conspired to conduct a malicious prosecution in violation of plaintiffs' rights under the Fourth Amendment. Finally, Count VII is a state indemnification claim against the City of Joliet. We now turn to defendants' motion to dismiss plaintiff's third amended complaint.

## STANDARD OF REVIEW

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must accept all well-pled allegations in the complaint as true, and draw all reasonable inferences

in a light favorable to the plaintiff. *Jackson v. E.J. Branch Corp.*, 176 F.3d 971, 978 (7th Cir. 1999). A complaint must describe the claim with sufficient detail as to give the defendants "fair notice of what the…claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1964 (2007) (*quoting Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Further, the "allegations must plausibly suggest that the defendant has a right to relief raising that possibility above a "speculative level."" *EEOC v. Concentra Health Servs.,* 496 F.3d 773, 776 (7th Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

## DISCUSSION

**I.    Counts I through V Are Timely as to Defendants O'Connor, Heavener and Corp**

Plaintiffs admit that defendants O'Connor, Heavener and Corp were added more than two years after the date of Matthew Rossetti's arrest for purposes of the direct liability claims in Counts I, II and III and more than one year after the trial of the criminal case for purposes of Count IV. Plaintiffs allege that the newly named officer defendants, along with the previously named officer defendants, concealed the existence of plaintiff's claims against them through intentional omission and affirmative misrepresentation. The Seventh Circuit recognizes that a statute of limitations defense may be defeated when a defendant is alleged to have concealed the existence of the cause of action that causes a plaintiff to reasonably believe that he has no more time or no basis at the time to sue. *Teamsters & Employers' Welfare Trust of Illinois v. Gorman Bros. Ready Mix*, 283 F3d. 877, 881-82 (7th Cir. 2006).

Here plaintiffs have alleged that defendants generated reports that intentionally concealed and affirmatively misrepresented the involvement of the newly added officer defendants O'Connor, Heavener and Corp and that plaintiffs relied on these reports which prevented plaintiffs from knowing of any of the causes of actions against these defendants until the time

4

when the third amended complaint was filed. Based on these allegations, defendants O'Connor, Heavener and Corp's assertion of a statue of limitations defense as to Counts I, II, III, and IV cannot prevail at this stage in the litigation.

Additionally, defendants' assertion of a statute of limitation bar to Count V also fails because the applicable two-year limitations period to plaintiffs' Fourteenth Amendment claim of a denial of a fair trial did not lapse until December 18, 2008 two years after the criminal trial on December 18, 2006, which is the date of accrual of this claim. *Johnson v. Dossey*, 515 F.3d 778, 782 (7th Cir. 2008). Because the third amended complaint was filed August 15, 2008, Count V is not untimely.

**II.      Counts III, IV and V Are Timely as to Defendants Wascher, Matichak and Blatti**

Defendants Wascher, Matichak and Blatti argue that Counts III, IV and V also should be dismissed on statue of limitations grounds. However, defendants Wascher, Matichak and Blatti were named in the original complaint which was filed on August 30, 2007, and the core facts regarding the events and conduct of the parties alleged in the third amended complaint arises out of the same conduct and events that were alleged in the initial complaint. Federal Rule 15(c)(1) provides that an amendment to a pleading relates back when it asserts a claim that "arose out of the conduct, transaction, or occurrence set out in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Here, the facts alleged in Counts III, IV and V arise from the same conduct identified in the original pleading, and there is no question that the claims relate back to the original pleading. Plaintiffs merely added additional legal theories of recovery to their complaint against defendants Wascher, Matichak and Blatti. Defendants' motion to dismiss Counts III, IV and V as to defendants Wascher, Matichak and Blatti is denied.

5

### III. Count V Sufficiently Alleges a *Brady* violation

Plaintiffs allege that defendants violated plaintiffs' Fourteenth Amendment rights to due process by allegedly withholding or concealing evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Defendants argue that because Matthew Rossetti was found not guilty he cannot establish the requisite prejudice for a *Brady* violation. However, Count V is not barred simply because plaintiff was acquitted at trial. *See Carroccia v. Anderson*, 249 F. Supp. 2d 1016, 1022-23 (N.D. Ill. 2003). Therefore, defendants' motion to dismiss is denied as to Count V.

### IV. Count VI Does Not State A Valid Claim

Lastly, in Count VI, plaintiffs allege defendants violated or conspired to violate plaintiff's Fourth Amendment rights by conducting a malicious prosecution. Defendants argue that because Illinois provides a remedy for malicious prosecution, plaintiffs cannot bring a claim under 42 U.S.C. § 1983. However, the threshold issue is whether a claim for malicious prosecution can be brought as a violation of the Fourth Amendment in the first instance. While the Fourth Amendment provides broad protections in criminal procedure, "the interest in not being prosecuted groundlessly is not an interest that the Fourth Amendment protects." *Bielanski v. County of Kane*, 550 F.3d. 632, 638 (7th Cir. 2008). Accordingly, defendants' motion to dismiss as to Count VI is granted.

**CONCLUSION**

For the reasons stated in the court's Memorandum, Opinion and Order, defendants' motion to dismiss [93] is granted in part and denied in part. Defendants' motion to dismiss Counts I through V is denied, and the motion to dismiss Count VI is granted.

It is so ordered.

                                                                  Wayne R. Andersen
                                                                United States District Court

Dated: August 14, 2009